UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ULLA CHRISTINE FREDRIKSSON,
individually, and as personal representative
of the Estate of Peter Jarl Fredriksson and
as guardian ad litem for her minor children,
Niclas Fredriksson, Sebastian Fredriksson
and Nicole Fredriksson; MARJATTA
PEURALA, individually, and as personal
representative of the Estate of Seppo Antero
Peurala, and ANITI OLAVI PEURALA,

                  Plaintiffs,

  -against-

SIKORSKY AIRCRAFT CORPORATION,
INC.; HELICOPTER SUPPORT, INC.; HR
TEXTRON, INC., a wholly owned subsidiary
of Textron, Inc.; and PLASMA
TECHNOLOGY, INCORPORATED,

                  Defendants.
-------------------------------------------------x
PIRKKO ONVERVA KOPPERI, individually,
and as personal representative of the Estate
of Onni Matti Kopperi, and MARIKA
KOPPERI-GRONLUND,

                  Plaintiffs,

  -against-

SIKORSKY AIRCRAFT CORPORATION,
INC.; HELICOPTER SUPPORT, INC.; HR
TEXTRON, INC., a wholly owned subsidiary
of Textron, Inc.; and PLASMA
TECHNOLOGY, INCORPORATED,

                  Defendants.
-------------------------------------------------x

MEMORANDUM AND ORDER
07 CV 0214 (ILG)

07 CV 3146 (ILG)

GLASSER, United States Senior District Judge:

## BACKGROUND

On September 10, 2007, this Court issued an order in Copterline Oy v. Sikorsky Aircraft Corp., 06 CV 6787, 2007 U.S. Dist. LEXIS 66797 (E.D.N.Y. Sept. 10, 2007), finding that it lacks personal jurisdiction over defendant Helicopter Support, Inc. ("HSI"), and transferred the action to the District of Connecticut pursuant to 28 U.S.C. § 1406(a) (the "Copterline transfer order"). Familiarity with that order is presumed.

The Copterline action was brought by the operator of a Finnish helicopter service, Copterline Oy, against HSI and Sikorsky Aircraft Corp. ("Sikorsky"), Connecticut companies that sold to Copterline Oy a helicopter and an allegedly defective replacement part, the actuator, that Copterline Oy claims caused the helicopter to crash into the Baltic Sea.[1] Also pending in this Court are two actions arising out of the same operative facts as the Copterline action. These actions, Fredriksson v. Sikorsky Aircraft Corp., Docket No. 07 CV 0214, and Kopperi v. Sikorsky Aircraft Corp., Docket No. 07 CV 3146, were filed by relatives[2] of the victims of that same helicopter crash, and are virtually identical in that they are based on the same set of facts and assert the same causes of action for strict products liability, breach of warranty, negligence, willful misconduct/ gross negligence, and wrongful death[3] against the same four defendants,

---

[1] Specifically, Copterline Oy sued HSI and Sikorsky for breach of express warranty, implied warranty, negligence, gross negligence, and failure to warn relating to the sale of the allegedly defective actuator. For a full description of main rotor servo actuators, see Copterline, 2007 U.S. Dist LEXIS 66797, at *4.

[2] Plaintiffs in the Fredriksson action are the widows of the two Finnish pilots killed in the helicopter crash. Plaintiffs in the Kopperi action are the wife and daughter of a Finnish citizen who was a passenger on that helicopter. Plaintiffs in both actions (collectively, "Plaintiffs") are represented by the same counsel.

[3] While neither of Plaintiffs' complaints directly plead a cause of action for wrongful death, the facts asserted describe such a claim. See Fredriksson Am. Compl. ¶ 13; Kopperi Compl. ¶ 11. In their briefs, both parties assume that Plaintiffs pleaded a cause of action for wrongful death, and Defendants

HSI, Sikorsky, HR Textron, Inc. ("HR Textron"), and Plasma Technology Inc. ("PTI") (collectively, "Defendants").[4] Both complaints allege that the crash of Copterline Oy's Sikorsky S-76 C+ helicopter was caused by defects in the actuator installed on the helicopter that was designed and manufactured by HR Textron and Sikorsky, overhauled and reconditioned by PTI, and sold by HSI. See Fredriksson Am. Compl. ¶ 14; Kopperi Compl. ¶ 12.[5]

**PROCEDURAL POSTURE**

Prior to the issuance of the Copterline transfer order, PTI and HSI filed separate motions in the Fredriksson action, arguing that this Court lacks jurisdiction over them. Sikorsky joined in HSI's motion papers to argue that, in the event the Court found it had jurisdiction over HSI, it could alternatively consider transferring the action to the District of Connecticut pursuant to 28 U.S.C. § 1404(a) because many of the documents relating to the case are located at HSI and Sikorsky's headquarters there. However, about a week later, HSI and Sikorsky moved to amend their motion to omit the request to transfer. PTI and HSI later filed motions to dismiss for lack of jurisdiction in the Kopperi action, again making the same arguments as they did in the Fredrikkson action. However, HSI did not renew its alternative transfer argument.

On October 16, 2007, the parties in the Fredrikkson and Kopperi actions filed a joint status report indicating their agreement that, in light of this Court's finding in the

---

have not challenged the sufficiency of the pleadings pursuant to Fed. R. Civ. P. 8.

[4] Defendants HR Textron and PTI were not parties to the Copterline action.

[5] Before the Court issued the Copterline transfer order, plaintiffs in the Copterline and Fredriksson actions moved to consolidate their respective cases. Having issued the Copterline transfer order, that consolidation became moot. The Kopperi action was not filed until after the motion to consolidate. The Fredriksson and Kopperi actions were thereafter consolidated for pretrial purposes only.

3

Copterline action that it lacks personal jurisdiction over HSI, these actions should not continue to be litigated in this Court. Plaintiffs in these two actions have now moved to transfer to the District of Connecticut pursuant to 28 U.S.C. § 1406(a) ("Section 1406(a)"). They have also filed papers they term "statements of qualified non-opposition" to the motions to dismiss filed by HSI and PTI, meaning that they will not oppose a finding that this Court lacks jurisdiction over those defendants provided that it grants the transfer motions.

In opposition to the transfer motions, HR Textron, a Delaware corporation with its principal place of business in California, argues that Plaintiffs have not shown that it is subject to personal jurisdiction in Connecticut, and therefore it would be improper for this Court to transfer these actions to Connecticut. It also argues that the transfers would not be in the "interest of justice" pursuant to Section 1406(a).

Defendants also assert that, before ruling on the transfer motions, the Court should first consider a motion for *forum non conveniens*, which HR Textron plans to make but has not yet filed.[6] In that motion, HR Textron claims it will argue that both the Fredrikkson and Kopperi actions should be tried in Finland where the evidence relating to damages is located, despite the fact that the Copterline action will proceed in Connecticut.[7]

Because this Court previously held in the Copterline action that it lacks

---

[6] PTI also joined in Sikorsky, HSI, and HR Textron's oppositions to the transfer motions, though they did not submit additional briefing to the Court.

[7] Indeed, HSI and Sikorsky argue that as compared to New York or Connecticut, Finland is the most convenient forum for these actions to be litigated, but as explained below, because this Court lacks jurisdiction over HSI, it will not entertain these arguments.

jurisdiction over HSI, it need not revisit that issue here.[8]  Thus, the only issue before this Court is whether a transfer of the Fredrikkson and Kopperi actions is proper under Section 1406 as an alternative to dismissal of these actions.  For the reasons explained below, this Court finds it to be in the interest of justice to transfer these actions to the District of Connecticut.

## DISCUSSION

### A. Section 1406

Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Section 1406 permits transfer even where the district court lacks personal jurisdiction over the defendants.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).  "Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'"  Id. at 467 (quoting Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 517 (4th Cir. 1955)).  Courts have "considerable discretion in deciding whether to transfer a case in the interest of justice."  Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005).

To determine whether Connecticut is an appropriate transferee district, the Court must consider whether the action "could have been brought" there.  Here, HR Textron

---

[8] The Court need not decide whether it has jurisdiction over PTI because, as discussed below, the actions should be transferred to the District of Connecticut.

argues that Connecticut would be an improper forum because it lacks personal jurisdiction over HR Textron. "The amenability of a foreign corporation to suit in a federal court in a diversity action . . . is determined in accordance with the law of the state where the court sits . . . ." Jazini by Jazini v. Nissan Motor Co., 148 F.3d 181, 183 (2d Cir. 1998) (quoting Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963)). The determination of whether HR Textron is subject to personal jurisdiction in Connecticut is subject to a two-part inquiry: (1) the trial court must first determine whether Connecticut's long-arm statute authorizes jurisdiction over the defendant; and (2) if the statutory requirement is met, the court must ensure that the exercise of jurisdiction would not violate constitutional principles of due process. Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945); Arrowsmith, 320 F.2d at 222-25 (2d Cir. 1963); Knipple v. Viking Comm'ns, Ltd., 236 Conn. 602, 606 (1996). The plaintiff bears the burden of proof in establishing personal jurisdiction over a defendant. Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990).[9]

### i. **Transacting Business in Connecticut**

The relevant Connecticut long-arm statute permits the exercise of jurisdiction over a nonresident defendant who:

> (1) [t]ransacts any business within the state; (2) commits a tortious act within the state . . . ; (3) commits a tortious act outside the state causing injury to person or property within the state, . . . if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in

---

[9] Personal jurisdiction "may arise by specific jurisdiction, *i.e.* purposeful availment of benefits of [the] forum state, or general jurisdiction, *i.e.* continuous and systematic contacts with [the] forum state not necessarily related to the claim." Barrett v. Walt Disney Co., No. 02 cv 1285 (PCD), 2003 U.S. Dist. LEXIS 19782, at *12n.3 (D. Conn. May 1, 2003).

6

> the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

Conn. Gen. Stat. § 52-59b(a). Only one of the provisions of the statute needs to be satisfied for a court to exercise personal jurisdiction. Vertrue Inc. v. Meshkin, 429 F. Supp. 2d 479, 489 (D. Conn. 2006). In support of jurisdiction, Plaintiffs assert that HR Textron transacts business in the state, and that the actions arise out of those transactions.

The Connecticut Supreme Court has interpreted the language of Conn. Gen. Stat. § 52-59b(a)(1) "to embrace a single purposeful business transaction" where the cause of action arises from that transaction. Amerbelle Corp. v. Hommel, 272 F. Supp. 2d 189, 193 (D. Conn. 2003) (quoting Zartolas v. Nisenfeld, 184 Conn. 471, 474 (1981)); see also Titan Sports, Inc. v. Hellwig, No. 98 CV 467 (EBB), 1999 U.S. Dist. LEXIS 10523, at *23 (D. Conn. Apr. 22, 1999). To determine whether a nonresident has transacted business in Connecticut, a court may consider such factors as: "(1) whether the defendant has an on-going contractual relationship with a [Connecticut] corporation; (2) whether the contract was negotiated or executed in [Connecticut] and whether, after executing a contract with a [Connecticut] business, the defendant visited [Connecticut] for the purpose of meeting with parties to the contract regarding the relationship; [and] (3) what choice-of-law clause is in any such contract . . . ." Vertrue Inc., 429 F. Supp. 2d at 490 (quotation omitted) (alteration in original). These factors are not exclusive; as the Zartolas court wrote: "in determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within th[e] state we do not resort to a rigid

7

formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of relevant factors." 184 Conn. at 477. Of paramount importance is whether the defendant "engaged in some purposeful activity [t]here . . . in connection with the matter in suit." Vertrue Inc., 429 F. Supp. 2d at 490 (quotation omitted).

Plaintiffs state that HR Textron has ongoing contractual relations with Sikorsky and HSI in Connecticut, and that it thus transacts business within the meaning of the long-arm statute. As proof, Plaintiffs cite the fact that HR Textron's website conveys that it provides actuators for Sikorsky's S-76 C+ helicopters, the kind of helicopter that was involved in the crash. Specifically, that website instructs that manufacturers, such as Sikorsky, "have benefitted from [HR Textron's] broad base of flight proven actuators," and on a different link notes that Sikorsky's helicopters "depend on HR Textron for primary or other critical flight control functions." http://www.hrtextron.com (follow "products/hydraulics" hyperlink; then follow "company info" hyperlink). Additionally, Plaintiffs present a certificate that shows that HSI's facility in Connecticut functioned as an authorized service center for HR Textron's products at the time HSI sold the actuator to Copterline Oy. See Supplemental Declaration of Bradley R. Bowles, dated November 12, 2007, ¶ 12. HR Textron's acknowledgment that it sells the component part from which these actions arise to Sikorsky, which maintains its facilities in Connecticut, serves as an admission that it was transacting business in Connecticut. Moreover, authorized service centers contribute to a defendant's presence in a state by "producing and supporting a customer base in th[at s]tate that might result in or enhance future sales." 3M Innovative Props. Co. v. InFocus

Corp., Civ. No. 04-0009 (JNE) (JGL), 2005 U.S. Dist. LEXIS 2381, at *10 (D. Minn. Feb. 9, 2005); see also Willard v. Ingersoll-Rand Co., No. 03 C 4665, 2003 U.S. Dist. LEXIS 16567, at *10-11 (N.D. Ill. Sept. 18, 2003) (finding "continuous and systematic general business contacts with Illinois" where defendant maintained extensive network and service providers in the state). Therefore, based on HR Textron's admission of selling actuators to Sikorsky in Connecticut and its purposeful availment of the benefits and privileges of maintaining a service center in the state, this Court finds that Connecticut has jurisdiction over HR Textron.

While the "prevailing view" is that a finding that the transferee court has personal jurisdiction over a defendant is a prerequisite to a Section 1406 transfer, courts may, in their discretion, transfer a case and "leav[e] a complicated jurisdictional dispute [for] the transferee court, which is in the best position to apply its forum state's long-arm statute." Int'l Flavors & Fragrances Inc. v. Van Eeghen Int'l B.V., 06 Civ. 490 (JFK), 2006 U.S. Dist. LEXIS 45696, at *23 (S.D.N.Y. July 6, 2006) (collecting cases). Therefore, even if this Court had doubts as to whether the District of Connecticut has jurisdiction over HR Textron, it would nonetheless be appropriate to transfer these actions there. The District of Connecticut would certainly have jurisdiction over HSI, Sikorsky, and PTI,[10] and it would therefore be unfair to dismiss Plaintiffs' claims against those defendants simply because doubts exist as to the Connecticut court's jurisdiction over one defendant. See id. at *24-25 ("Without more argument and perhaps supplementation of the record, the

---

[10] Defendants have not denied that PTI, which maintains a factory in Connecticut, is authorized to transact business in the state, has appointed an agent for service of process in Connecticut, and employs approximately thirty-three employee in Connecticut, would be subject to personal jurisdiction in Connecticut.

Court is not in a position to decide whether [defendant] is subject to personal jurisdiction in California. . . . Dismissal is a harsh remedy that is best avoided when another avenue is open. In the interest of justice, the Court thus transfers the case . . . and reserves the personal jurisdiction question for [the transferee c]ourt."); Jennings v. Entre Computer Ctrs, Inc., 660 F. Supp. 712, 716 (D. Me. 1987) (ordering transfer pursuant to Section 1406 where doubts remained as to whether transferee court had personal jurisdiction over three defendants).

### ii. "Interest of Justice"

In an effort to avoid transfer to Connecticut, HR Textron argues that such a transfer would not be in the "interest of justice" under an application of Spar, Inc. v. Info. Res., Inc., 956 F.2d 392 (2d Cir. 1992), because Plaintiffs were not diligent in filing their actions in a New York court, and should be prevented from using the transfer mechanism to bypass statutes of limitations which have expired.[11] Spar, however, merely stands for the proposition that a plaintiff who knowingly files in the wrong district by failing to properly ascertain any bars to jurisdiction before filing should not be awarded a transfer if it is evident that such transfer would permit forum shopping. See id. at 393.

Defendant employs Spar to argue that Plaintiffs knowingly filed the Kopperi action in the wrong district because they were fully aware at the time of filing that HSI and PTI were opposing the Court's jurisdiction over them in the Fredrikkson and Copterline actions.[12] This argument is entirely without merit. At the time that the

---

[11] The only statute of limitations that has run is the two year limitation on wrongful death suits. Plaintiffs filed the related actions in New York prior to the running of the statute, which is the same as Connecticut's limitations period.

[12] The motion to dismiss brought by PTI in Fredriksson was never fully briefed.

10

Kopperi and Fredrikkson actions were filed, this Court had yet to rule that it lacked jurisdiction over HSI in the Copterline action. Plaintiffs argued in their opposition to HSI's motions to dismiss that they believed HSI to be subject to general jurisdiction in New York based on its overall sales here, as well as specific jurisdiction based on HSI's shipment of the actuator through New York, and while these arguments were ultimately found by this Court to be unpersuasive, they did not evidence a lack of good faith.[13]

Defendant also asserts that, because the statute of limitations has run on one of Plaintiffs' causes of actions in Connecticut (wrongful death), Spar prevents a Section 1406 transfer. Again, this misinterprets the reasoning of Spar. In the first instance, this Circuit has long held that where refiling in a proper forum would cause a plaintiff's action to be dismissed as time-barred, allowing a Section 1406 transfer is in the interest of justice. Daniel, 428 F.3d at 435 ("A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." (quotation omitted)); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Given that the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits, the transfer of this action, when the statute of limitations has run, is in the interest of justice." (internal citation omitted)). Second, and as explained by this Court in McDermott v. Semolic, 06 CV 3235 (JFB) (ETB), 2006 U.S. Dist. LEXIS 76589, at *9

---

[13] HR Textron cites Daros v. Tokoyo, 05 CV 775 (DLI)(VVP), 2005 U.S. Dist. LEXIS 45526 (E.D.N.Y. May 23, 2005), for the proposition that where a party is aware that a court lacks personal jurisdiction over a defendant, dismissal, rather than transfer, is warranted. That case is distinguishable because the plaintiff there had a "complete lack of even a colorable basis for personal jurisdiction over the defendant in New York" because all parties resided in Texas and all events giving rise to the claim at issue took place in Texas. Id. at *6.

(E.D.N.Y. Oct. 20, 2006), Spar is inapplicable where a plaintiff timely files an action. Here, Plaintiffs timely filed the related actions in this district. In fact, just as in McDermott, the Fredriksson and Kopperi actions would also have been timely filed under the applicable Connecticut statutes of limitations if they were originally filed there instead of in this district. That Plaintiffs now seek "transfer to avoid a possible statute of limitations defect in Connecticut as a result of timely filing in the wrong forum" does not mean that they are trying to "circumvent the . . . statute of limitations in Connecticut by originally filing the action in New York and then seeking transfer because the date the action was originally filed would have been timely under Connecticut's . . . limitations period. Thus, concerns regarding forum shopping for statute of limitations purposes are not present." Id. at *9-10. This Court finds that it is in the interest of justice to transfer Plaintiffs' actions to the District of Connecticut rather than dismiss because Plaintiffs' wrongful death claims would be otherwise time-barred.

### iii. *Forum Non Conveniens*

Defendants implore the Court to defer judgment on the motions to transfer until HR Textron has submitted a motion for *forum non conveniens*. However, because this Court lacks personal jurisdiction over HSI, we may not entertain the *forum non conveniens* motion. Defendants are free to make that motion in the District of Connecticut. See Int'l Flavors & Fragrances Inc., 2006 U.S. Dist. LEXIS 45696, at *25 ("[Defendant]'s argument that Holland is a superior jurisdiction to the Eastern District of California . . . is essentially a forum non conveniens argument. It cannot defeat a Section 1406(a) transfer. [Defendant] is free to litigate this issue in the California court, along with the personal jurisdiction issue.").

## CONCLUSION

For the foregoing reasons, this Court orders the <u>Fredriksson</u> and <u>Kopperi</u> actions to be transferred to the District of Connecticut pursuant to 28 U.S.C. § 1406(a). The Clerk of Court is therefore directed to transfer the above-captioned actions to the District of Connecticut and close those cases.

SO ORDERED.

Dated:    Brooklyn, New York
          March 17, 2008

_____/s/_____
I. Leo Glasser
United States Senior District Judge


Copies of the foregoing memorandum and order were electronically sent to:

<u>Counsel for the Plaintiffs:</u>
Bradley R. Bowles, Esq.
Michael P. Verna, Esq.
Bowles & Verna LLP
2121 N. California Blvd, Suite 875
Walnut Creek, CA 94596

Gerald C. Sterns, Esq.
Sterns & Walker
901 Clay Street
Oakland, CA 94607

<u>Counsel for the Defendants Sikorsky Aircraft Corporation, Inc. and Helicopter Support, Inc.:</u>
Garret J. Fitzpatrick, Esq.
Alice Chan, Esq.
Kevin Francis Cook, Esq.

Mendes & Mount
750 7th Avenue, 24th Floor
New York, NY 10019

James W. Hunt, Esq.
Mendes & Mount
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071

Counsel for the Defendant HR Textron, Inc.:
Catherine B. Slavin, Esq.
Cozen O'Connor , Esq.
1900 Market Street
Philadelphia, PA 19103

Christopher Raleigh, Esq.
Cozen O'Connor
45 Broadway, 16th Floor
New York, NY 10006

John Sams, Esq.
Stephen C. Howell, Esq.
Brown, Dean, Wiseman, Proctor, Hart & Howell, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, TX 76102

Counsel for the Defendant Plasma Technology, Incorporated:
Jeffrey Len Loop, Esq.
Dorsey & Whitey LLP
250 Park Avenue, 18th Floor
New York, NY 10177

Kathlene W. Lowe, Esq.

Dorsey & Whitney LLP
38 Technology Drive
Irvine, CA 92618